**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**MIKKA GLENN,**

   **Plaintiff,**

**vs.**

**ABSOLUTE RESOLUTIONS**
**INVESTMENTS, LLC, and**
**MANDARICH LAW GROUP, LLP,**

   **Defendants.**

**CASE NO.:**

**DEMAND FOR JURY TRIAL**

_____/

## CLASS COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MIKKA GLENN, (hereinafter "Plaintiff"), by and through undersigned counsel, on behalf of all other persons similarly situated, and files this Class Complaint against Defendants, ABSOLUTE RESOLUTIONS INVEST-MENTS, LLC, and MANDARICH LAW GROUP, LLP (herein after referred to, with their agents, as "Defendants"), and alleges:

## I. INTRODUCTION

1.    This class action arises out of common and numerous violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") by the Defend-ants and their agents in their illegal efforts to collect a consumer debt by filing lawsuits after the statute of limitations expired on their claims (the "Time-Barred Suit(s)"), thereby violating the provisions of 15 U.S.C. §1692(e) and (f).

2.     Defendants filed the Time-Barred Suit against Plaintiff on an expired debt (the "time-barred" debt), where their own exhibits and allegations demonstrated their knowledge that the statute of limitations on the debt had run, and their actions demonstrated either a reckless disregard for the law or a willfulness in violating it.

3.     Upon information and belief, Defendants have a pattern and practice of filing on time-barred debts in Duval County, Florida.  In January 2025 alone, Defendants have together filed 71 lawsuits to collect debts purchased from Navy Federal Credit Union. **Of the 71 lawsuits filed, 21 of those were Time-Barred Suits.** Upon review of state court dockets in multiple Florida counties, Defendants have recently filed numerous lawsuits to collect on time-barred debts across the entire State of Florida.

4.     More egregiously, Defendants, in their unlawful debt collection on time-barred debts, have targeted servicemembers and their families, as all original time-barred accounts originated from Navy Federal Credit Union and were sold to Absolute after charge-off.

5.     This predatory practice against servicemembers is unfortunately not unique. The Department of Defense found that soldiers, sailors, and aviators are as many as four times more likely to be victims of payday lenders as the general public. Military personnel families are a prime target for predatory lenders because they typically are young, have limited experience in managing finances, and don't have a financial cushion to assist in emergencies. High indebtedness and shoddy debt

collection practices that negatively affect all consumers have an outsized impact on those serving in uniform. Servicemembers even pay off debt on accounts they do not owe just so it doesn't show up on their credit report, trying to prevent a myriad of negative consequences, many of which are unique to servicemembers and their families. **Statement of James S. Rice before the Committee on Veterans' Affairs United States Senate, APR 19, 2023.**

## II. PARTIES

6.    Plaintiff is a natural person, a resident of Clay County, Florida, and a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3). Plaintiff's class includes natural persons residing throughout the State, and are also consumers as defined by the FDCPA.

7.    Plaintiff and Plaintiff class have standing to bring their claims under the FDCPA by virtue of being directly affected by Defendants' statutory violations in their attempts to collect debt without lawful right.

8.    Plaintiff's father is a Navy veteran—he retired as a master chief. As the debt was purchased by Absolute Resolutions Investments from Navy Federal Credit Union, all Plaintiff class members are servicemembers of the United States Armed Forces, veterans, or their immediate family members.

9.    Defendant ABSOLUTE RESOLUTIONS INVESTMENTS, LLC ("Absolute") is a "debt-buyer," and an Arizona corporation based at 800 Norman Center Dr. Ste. 350, Bloomington, MN, and is subject to the jurisdiction of this court as a

Florida registered LLC doing business in the State. Its registered agent is URS Agents, LLC, 3458 Lakeshore Dr, Tallahassee, FL 32312.

10.    Defendant ABSOLUTE RESOLUTIONS INVESTMENTS, LLC is a debt collector as that term is defined in the FDCPA, 15 U.S. Code § 1692a(6), because the purported debt was originally owed to Navy Federal Credit Union and were charged off prior to purchase, Absolute is a "debt collector" as defined in the FDCPA.  Absolute is currently licensed (#CCA9903909) as a "Consumer Collection Agency" with the Florida Office of Financial Regulations.

11.     Absolute Resolutions Investments, LLC is the collection entity owned by "Absolute Resolutions Corporation," whose business consists almost exclusively of purchasing charged-off consumer debts and pays pennies on the dollar for the debts, knowing many of those debts are bad, or without legal remedy.

12.    Defendant MANDARICH LAW GROUP, LLP ("Mandarich") is a law firm and California limited liability partnership based at 6300 Canoga Ave., Ste. 1700, Woodland Hills, CA 91367, and is subject to the jurisdiction of this court as a Florida registered partnership doing business in the State. Its registered agent is NRAI Services, Inc., 1200 S. Pines Island Rd., Plantation, FL 33324.

13.    Defendant MANDARICH LAW GROUP, LLP is a debt collector as that term is defined in the FDCPA, 15 U.S. Code § 1692a(6). Mandarich practices exclusively in debt collection litigation. Mandarich Law Group is based in Chicago, Illinois, operates in 18 states, and exclusively litigates on behalf of debt buyers and other

creditors to collect consumer debt. Defendant refers to itself as a debt collector. https://mandarichlaw.com/#who-we-are.

## III. JURISDICTION AND VENUE

14. Federal subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FDCPA, 15 U.S.C. § 1692 *et seq*. as Plaintiff brings claims under 15 U.S.C. §1692.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, including Defendants' Time-Barred Suit against Plaintiff which was filed in Clay County, Florida, Plaintiff resides here, and the Defendants transact business here. Numerous class violations also occurred in Duval County, Florida.

## IV. FACTUAL ALLEGATIONS

16. In 2007, Plaintiff opened a credit card account with Navy Federal Credit Union. Plaintiff thereafter accrued a debt on the Navy Federal Credit Union credit account.

17. Plaintiff's last statement shows a payment on the account due on or before August 13, 2018, but Plaintiff's last payment actually made on the account was on February 10, 2018.

18. After February 10, 2018, Plaintiff made no subsequent payments on the account, and after Plaintiff's last statement she received no subsequent benefits from the account.

19.    After Navy Federal Credit Union's charge-off of the debt and last statement to Plaintiff in August 2018, Navy Federal Credit Union sold the debt to Absolute.

20.    As Plaintiff accrued goods and services under the credit account prior to August 13, 2018, and as Plaintiff's last payment was made prior to August 13, 2018, the statute of limitations for any claim of account stated or unjust enrichment expired no later than August 13, 2022.

21.    On January 25, 2025, nearly two and one-half years after the statute of limitation for those claims expired, Defendants filed its Time-Barred Suit against Plaintiff alleging two counts. Count one for "account stated" and count two for "unjust enrichment in an attempt to collect the expired debt. **Case No.: 2025-CC-000250**, *Clay County Court, Fourth Judicial Circuit.*

22.    On  February 11, 2025, the complaint was served on Plaintiff by Defendants.

23.    Accordingly, Plaintiff must file a response in the Time-Barred Suit by March 3, 2025.

24.    If Plaintiff does not file a response in the Time-Barred Suit she will be subject to a default judgment, giving the Defendants rights to collect using tactics such as garnishment and liens, and subject to a judgment enforceable for 20 years.

*25.*    In support of its Time-Barred Suit, Defendants attached a copy of a credit statement allegedly issued by Navy Federal to Plaintiff. *Id.*

26.    The closing date for its statement period was July 16, 2018 with a payment due on August 13, 2018.

27.    The exhibit attached by Defendants in support of their claims shows Defendants knew or should have known the debt was expired, and that they had no lawful right to sue Plaintiff to collect the debt.

28.    The statute of limitations for an account stated claim is four years from the date of the alleged agreement on the account, or from which the last item was drawn. *See* § 95.11(3)(j), Fla. Stat.; *Hawkins v. Barnes*, 661 So. 2d 1271, 1273 (Fla. 5th DCA 1995).

29.    The statute of limitations for unjust enrichment is four years from the date of the alleged conferred benefit. *See* § 95.11(3)(j), Fla. Stat.; *Cleveland Clinic Fla. v. Children's Cancer Caring Ctr., Inc.*, 274 So. 3d 1102 (Fla. 4th DCA 2019).

30.    Defendants regularly file suit on debts that are more than four years old at the time of the filing. Upon research and belief, Defendants engage in a pattern and practice of filing suits on time-barred debts.

31.    Defendants, as regular collectors of such debts, knew or should have known that the statute of limitations applicable to such debts is four years.

32.    Most or all of the lawsuits Defendants bring are of modest amounts. As a result, the persons sued cannot economically retain counsel to defend such suits, as doing so would require them to pay an amount comparable to that sought in the lawsuits.

33.    The lawsuit filed, and court papers served, and actions to collect the expired debt, are all misleading, unfair, and deceptive to the least-sophisticated consumer.

34.    At all material times Plaintiff is a "consumer" and Defendants are each a "debt collector," as those terms are defined by 15 U.S.C. §1692a(3) and (6), respectively.

35.    At all relevant times, Defendants were collecting on a "debt" as it is defined in 15 U.S.C. §1692a(5)-the expired account, originally from Navy Federal Credit Union.

36.    At all material times herein, Defendants' conduct, with respect to the debt complained of, qualifies as "communication" as defined by the FDCPA, Section 1692a(2).

37.    All conditions precedent have occurred, have been satisfied, or have been waived.

## V.    THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.

38.    The FDCPA is a consumer protection statute that "imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair" debt-collection practices. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. 573, 587, 130 S. Ct. 1605, 1615 (2010)(quotation marks and citations omitted). Finding "abundant evidence" of such practices, Congress passed the FDCPA in 1977 to stop "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress determined that "[e]xisting laws and procedures" were "inadequate" to protect consumer debtors. *Id.* at § 1692(b); *see Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1173 (11th Cir. 1985) (noting "that despite

prior [Federal Trade Commission] enforcement in the area," Congress found "[e]xisting laws and procedures" inadequate).

39.    Therefore the FDCPA regulates the conduct of debt-collectors, which the statute defines as any person who "regularly collects . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

40.    To enforce the FDCPA's prohibitions, Congress equipped consumer debtors with a private right of action, rendering "debt collectors who violate the Act liable for actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs." *Owen v. I.C. Sys., Inc.,* 629 F.3d 1263, 1270 (11th Cir. 2011)(citing 15 U.S.C. § 1692k(a)); *Jeter*, 760 F.2d at 1174 n.5 ("Most importantly, consumers were given a private right of action to enforce the provisions of the FDCPA against debt collectors . . .").

41.    To determine whether a debt collector's conduct is prohibited by the FDCPA, the Court must first look "where all such inquiries must begin: with the language of the statute itself." *Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1216 (11th Cir. 2012)(quotation marks omitted)

42.    Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

43.    Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id*. § 1692f.

44.    Because Congress did not provide a definition for the terms "unfair" or "unconscionable," the 11th Circuit has referred to the dictionary. "The plain meaning of 'unfair' is 'marked by injustice, partiality, or deception.'" *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1200 (11th Cir. 2010)(quoting *Merriam-Webster Online Dictionary* (2010)). Further, "an act or practice is deceptive or unfair if it has the tendency or capacity to deceive." *Id.* (quotation marks omitted and alterations adopted). The 11th Circuit has found that "[t]he term 'unconscionable' means 'having no conscience'; 'unscrupulous'; 'showing no regard for conscience'; 'affronting the sense of justice, decency, or reasonableness.'" *Id.* (quoting *Black's Law Dictionary* 1526 (7th ed. 1999)). The 11th Circuit also noted that "[t]he phrase 'unfair or unconscionable' is as vague as they come." *Id.* (quoting *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 474 (7th Cir. 2007)).

45.    Given this ambiguity, courts adopted a "least-sophisticated consumer" standard to evaluate whether a debt collector's conduct is "deceptive," "misleading," "unconscionable," or "unfair" under the statute. *LeBlanc,* 601 F.3d at 1193-94, 1200-01 (holding that the "least-sophisticated consumer" standard applies to evaluate claims under both § 1692e and § 1692f. The "least-sophisticated consumer" standard takes into account that consumer-protection laws are "not made for the protection of experts, but for the public -- that vast multitude which includes the ignorant, the unthinking, and the credulous." *Jeter,* 760 F.2d at 1172-73 (quotation marks omitted).

46.    In a class action, the standard for evaluating violations of the FDCPA is not whether the individual plaintiff was confused or deceived but whether "the least sophisticated consumer would be confused or deceived" by Defendants' actions. *Jeter v. Credit Bureau, 760 F.2d 1168, 1172–78* (11th Cir.1985). "Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the 'least sophisticated consumer' would have been misled." *Swanson v. Mid Am. Inc.*, 186 F.R.D. 665, 667 (M.D.Fla.1999). Cited by *Battle v. Gladstone Law Grp.*, 951 Supp.2d 1310 (S.D. Fla.2013).

47.    The FDCPA applies to attorneys who collect consumer debts. *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1295 (11th Cir. 2015)("we find that the plain language of the FDCPA, other persuasive decisions interpreting that language, and the purpose underlying the Act mandate a finding that the FDCPA applies to attorneys..."); *see also Heintz v. Jenkins*, 514 U.S. 291, 299 (1995); *Battle v. Gladstone Law Grp., P.A.*, 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013).

48.    Unlawful debt collection actions include court proceedings. *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015)("documents filed in court in the course of judicial proceedings to collect on a debt, like Appellees' sworn reply, are subject to the FDCPA."); *see also Heintz v. Jenkins*, 514 U.S. 291, 299 (1995); *Battle v. Gladstone Law Grp., P.A.*, 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013).

49.    Suing on time-barred debts is a clear FDCPA violation. *Holzman v. Malcolm S. Gerald & Associates, LVNV Funding, LLC,* 27 Fla. L. Weekly Fed. C1837a (11th Cir. 2019)("**There is no question that these provisions prohibit a debt collector from suing or threatening to sue on a time-barred debt, and federal courts have uniformly so held**."); *Crawford v. LVNV Funding, LLC,* 25 Fla. L. Weekly Fed. C92a (11th Cir. 2014)(cert. denied, April 20, 2015)("LVNV acknowledges, as it must, that its conduct would likely subject it to FDCPA liability had it filed a lawsuit to collect this time-barred debt in state court. Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f. *See Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076, 1079 (7th Cir. 2013) (explaining that a debt collector's filing of a time-barred lawsuit to recover a debt violates the FDCPA); *see also Huertas v. Galaxy Asset Mgmt.,* 641 F.3d 28, 32-33 (3d Cir. 2011) (indicating that threatened or actual litigation to collect on a time-barred debt violates the FDCPA, but finding no FDCPA violation because the debt-collector never pursued or threatened litigation); *Castro v. Collecto, Inc.,* 634 F.3d 779, 783, 787 (5th Cir. 2011) (collecting cases and indicating that threatened or actual litigation to collect a time-barred debt "may well constitute a violation of [§ 1692e]," but ultimately concluding that no FDCPA violation occurred because the debt was not time-barred under the applicable statute of limitation); *Freyermuth v. Credit Bureau Servs.,* 248 F.3d 767, 771 (8th Cir. 2001) (same  as *Huertas, supra*); *cf. McCollough  v.  Johnson,  Rodenburg  &*

*Lauinger, LLC,* 637 F.3d 939, 947-49 (9th Cir. 2011) (affirming summary judgment in favor of the consumer after the debt collector filed a time-barred lawsuit to recover a debt)."); *Kaiser v. Cascade Capital, LLC,* 989 F.3d 1127 (9th Cir. 2021) ("Suing to collect on an unenforceable debt is patently unfair to the consumer.

50.    This District itself has recognized the well-settled law that suing on a time-barred debt is an FDCPA violation. *Townsend v. Quantum3 Group, LLC*, 535 B.R. 415 (M.D. Fla. 2015)(Davis, B.)("LVNV acknowledges, as it must, that its conduct would likely subject it to FDCPA liability had it filed a lawsuit to collect this time-barred debt in state court. Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f.").

51.    Suing on a time-barred debt is, almost per se, a knowing and willful violation of the FDCPA. *Holzman,* C1837a ("The suggestion that Defendants would have had to conduct any legal analysis to determine whether the debt in this case was time-barred seems a bit disingenuous. After all, Defendants were aware of the status of Plaintiff's debt when they purchased it, presumably at a heavily discounted price that accounted for the fact that its legal enforcement is barred by the statute of limitations.").

52.    The reasoning for why debt collectors are prohibited from suing on time-barred debts is clear, and rooted in equity. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013)(Posner)("As with any defendant sued on a stale claim,

the passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt. Indeed, the unfairness of such conduct is particularly clear in the consumer context where courts have imposed a heightened standard of care—that sufficient to protect the least sophisticated consumer. Because few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits. And, even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense; this is particularly true in light of the costs of attorneys today.").

## 53.    VI. CLASS ALLEGATIONS

54.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this action on behalf of themselves and all others similarly situated.

55.    **I. Absolute's FDCPA Violation Class:** All persons in Florida who (1) incurred an alleged debt with Navy Federal Credit Union Debt, (2) the alleged debt was transferred or sold to Absolute, (3) Absolute filed a lawsuit to collect on the debt, (4) more than four years after default (5) which lawsuit  was pending at any time during a period beginning one year prior to the filing of this action through the date Notice is ordered by the Court to be issued to the Class.

56.    **II. Mandarich's FDCPA Violation Class:** All persons in Florida who (1) incurred an alleged debt with Navy Federal Credit Union Debt, (2) the alleged debt was transferred or sold to Absolute, (3) Mandarich filed a lawsuit on behalf of Absolute to collect the debt, (4) the legal claims pled were barred by the statute of limitations, (5) from the applicable limitations period prior to the filing of the original Complaint in this action through the date Notice is ordered by the Court to be issued to the Class.

57.    **III. Declaratory Relief Class as to Defendants Absolute and Mandarich's:** All persons in Florida who (1) incurred an alleged debt with Navy Federal Credit Union Debt, (2) the alleged debt was transferred or sold to Absolute, (3) Mandarich filed a lawsuit on behalf of Absolute and filed a lawsuit to collect on the debt, (4) more than four years after default (5) which lawsuit  was pending at any time during a period beginning one year prior to the filing of this action through the date Notice is ordered by the Court to be issued to the Class. (6) and received a clerk's default or Final Judgment, paid money to Defendants after the Time-Barred Collection Complaint was filed, or paid an attorney to defend against the Time-Barred Collection Complaint.

58.    Plaintiff is unable to state the exact number of class members because that information is solely in the possession of Defendants.  However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendants' business records and the court records. Upon information and belief, Plaintiff estimates that the classes will

consist of more than one hundred individuals. Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

59.    Questions of law and fact common to the Plaintiff Classes exist and predominate over questions affecting only individual members, including, *inter alia*, the following:

> a.  Whether Defendants violated the FDCPA, 15 U.S.C. § 1692e, by suing consumers to collect time-barred debts;
>
> b.  Whether Defendants violated the FDCPA, 15 U.S.C. § 1692f, by suing consumers to collect time-barred debts;
>
> c.  Whether an actual judicial controversy exists regarding the right to file on time-barred debts, whether there exists a likely future risk to consumers concerning Defendants' filing and litigating suits on time-barred debts, and therefore whether injunctive relief is appropriate; and
>
> d.  Whether the members of the Classes have sustained damages, and if so, the proper measure of damages, including statutory damages.

60.    The class is so numerous that joinder of all members is impracticable. It is estimated that the class contains at least 100 members.

61.    The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Classes because, upon information and belief, the disregard of legal status of alleged debts, and suing on debts beyond the

16

applicable statute of limitations, is a common practice of Defendants. Plaintiffs' claims and those of the Plaintiff Classes originate from the same conduct, practice, and procedure, on the part of Defendants. The Plaintiffs possess the same interests and have suffered the same injuries as each Class member, having been subject to the same pattern and practice by Defendants. Defendants employ uniform forms, policies, or uniformly have no process whatsoever, to validate legal status of debts before filing suit. There are no relevant individual facts which distinguishes Plaintiff from other Class members that suffered a lawsuit to collect a debt beyond the applicable statute of limitations.

62.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Classes because she has no interest antagonistic to the Classes she seeks to represent, and because the adjudication of her claims will necessarily decide the identical issues for other class members. There is nothing peculiar about Plaintiff's situation that would make them inadequate as Class Representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

63.   A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each

violation are capped for the FDCPA. Empirical evidence gathered by the Federal Trade Commission indicates that the vast majority of suits on time-barred debt will lead to default judgments, even though the debts are unenforceable, "because 90% or more of consumers sued in these actions do not appear in court to defend." Fed. Trade Comm'n, *The Structure and Practices of the Debt Buying Industry* 45 (2013)."). It would be difficult, if not impossible, to obtain counsel to represent plaintiffs on an individual basis for such small claims. This is why the FDCPA provides for attorney fees to the prevailing Plaintiffs. More importantly, the vast majority of Class members are not aware the Defendants' policies violate the FDCPA and a class action is the only viable means of adjudicating their individual rights. Absent a class action, the class members will continue to have their rights violated and will continue to suffer the loss of their legal rights, as well as monetary damages. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendants and class actions are commonly used in such circumstances.

64.    Certification of a class under Rule 23(b)(3) is appropriate, in that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The interests of the Class Members in individually controlling the prosecution and defense of separate actions are minimal, in that the Class Members are unlikely to be aware that their rights were violated and in that individual actions are uneconomical. Difficulties likely to be encountered in managing

this class action are substantially less than those that are involved in other types of cases routinely certified as class actions.

65.    Defendants acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief and corresponding final injunctive relief under Rule 23(b)(2) appropriate with respect to the Declaratory Class as a whole. Defendants should be enjoined from similar Time-Barred Suits in Florida, required to immediately dismiss with prejudice any such suits currently active, and should move to set aside all defaults and judgments entered and dismiss those suits with prejudice as well.

66.    Plaintiff requests certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages as to the FDCPA counts.

### VII. CAUSES OF ACTION
### COUNT I
### Claim Against Defendant Absolute
### for Violations of the FDCPA

67.    Plaintiff, on behalf the putative class, incorporates Paragraph 1-66 above as if fully stated herein.

68.    This is an action seeking relief for violation of the FDCPA to recover statutory damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and the costs of this action under 15 U.S.C.A. § 1692k(a)(3).

69.    The collection suit and pleadings served by Defendant Absolute are "communications" as that term is defined by 15 U.S.C. § 1692a(2).

70.  In continuing to collect a debt through claims it knew expired, Defendant violated the following sections of the FDCPA:

> a.  15 U.S.C. § 1692e(2)(A) ("false representation of the legal status of a debt");
>
> b.  15 U.S.C. § 1692e (A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt); and
>
> c.  15 U.S.C. § 1692f (A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt).

71.  Defendant maintains an internal policy that includes the use of false or misleading statements or representations, and of unfair or unconscionable methods, in its debt collection activities.

72.  Defendant's conduct was knowing and willful, as they had actual knowledge of the age of the debts before they filed their Time-Barred Suits, and knew they had no legal right to file their Time-Barred Suits, but filed anyway.

73.  As a direct and proximate result of Defendant's FDCPA violations, Plaintiff has suffered "actual" and/or "concrete" harm. *See Phillips v. Asset Acceptance*, LLC, 736 F.3d 1076 (7th Cir. 2013)(Posner)("[F]iling a complaint may cause actual harm to the debtor: a pending legal action, even pre-service, could be a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers. The debt collector may also use the pending legal action to pressure a debtor to pay back the

debt informally, without serving the complaint—precisely the type of unfair practice prohibited by the FDCPA. See 15 U.S.C. § 1692e(5) ( 'the threat to take any action that cannot legally be taken or that is not intended to be taken.')," Judge Posner *citing Tyler v. DH Capital Mgmt., Inc.,* 736 F.3d 455, 463, (6th Cir. 2013).). Plaintiff is entitled to statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

74.    Plaintiff has retained the undersigned counsel to pursue this claim and is obligated to pay a reasonable fee for the counsel's services.

**WHEREFORE** Plaintiff, on behalf of herself and all others similarly-situated, enter a judgement in favor of Plaintiff on behalf of herself and all others similarly-situated against Defendant Absolute:

a)    For  determination Defendant's conduct violated §1692e and 1692f  of the FDCPA;

b)    For statutory damages;

c)    For actual damages;

d)    For attorney's fees and costs incurred in this action; and

e)    For such other and further relief as the Court may deem just and proper.

<u>**COUNT II**</u>
**Claim Against Defendant Mandarich**
**for Violations of the FDCPA**

75.    Plaintiff incorporates Paragraph 1-66 above as if fully stated herein.

76.    This is an action seeking relief for violation of the FDCPA to recover statutory damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and the costs of this action under 15 U.S.C.A. § 1692k(a)(3).

77.    The collection suit and pleadings served by Defendant Mandarich are "communications" as that term is defined by 15 U.S.C. § 1692a(2).

78.    In continuing to collect a debt through claims it knew expired, Defendant violated the following sections of the FDCPA:

        a.    15 U.S.C. § 1692e(2)(A) ("false representation of the legal status of a debt");

        b.    15 U.S.C. § 1692e (A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt); and

        c.    15 U.S.C. § 1692f (A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt).

79.    Defendant maintains an internal policy that includes the use of false or misleading statements or representations, and of unfair or unconscionable methods, in its debt collection activities.

80.    Defendant's conduct was knowing and willful, as they had actual knowledge of the age of the debts before they filed Time-Barred Suits, and knew they had no legal right to file their Time-Barred Suits, but filed anyway.

81.    As a direct and proximate result of Defendant's FDCPA violations, Plaintiff has suffered "actual" and/or "concrete" harm. *See Phillips v. Asset Acceptance*,

LLC, 736 F.3d 1076 (7th Cir. 2013)(Posner)("[F]iling a complaint may cause actual harm to the debtor: a pending legal action, even pre-service, could be a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers. The debt collector may also use the pending legal action to pressure a debtor to pay back the debt informally, without serving the complaint—precisely the type of unfair practice prohibited by the FDCPA. See 15 U.S.C. § 1692e(5) ( 'the threat to take any action that cannot legally be taken or that is not intended to be taken.')," Judge Posner *citing Tyler v. DH Capital Mgmt., Inc.,* 736 F.3d 455, 463, (6th Cir. 2013).). Plaintiff is entitled to statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

82.    Plaintiff has retained the undersigned counsel to pursue this claim on behalf of Class members and is obligated to pay a reasonable fee for the counsel's services.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly-situated, enter a judgement in favor of Plaintiff on behalf of herself and all others similarly-situated against Defendant Mandarich:

a)    For a determination Defendant's conduct violated §1692e and 1692f of the FDCPA;

b)    For statutory damages;

c)    For actual damages;

c)    For attorney's fees and costs incurred in this action; and

d)     For such other and further relief as the Court may deem just and proper.

## COUNT III
## DECLARATORY JUDGMENT ACT
## (28 U.S.C. 2201 et seq)

83.    This is an action against Defendants under the Declaratory Judgment Act, 28

U.S.C. § 2201 ct seq.  An actual justiciable controversy exists regarding the legality

of Defendants' (Absolute and Mandarich) Time-Barred Suits and Defendants' con-

tinued and likely future use of these collection practices substantially similar to or

the same as Time-Barred Suits by Defendants herein.

84.    Plaintiff realleges and incorporates paragraphs 1 through 82, as if fully set

forth herein.

85.    Under the Declaratory Judgment Act, "In a case of actual controversy within

its jurisdiction ... any court of the United States, upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought. Any

such declaration shall have the force and effect of a final judgment or decree and

shall be reviewable as such." 28 U.S.C. § 2201. Further, "necessary or proper relief

based on a declaratory judgment or decree may be granted, after reasonable notice

and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

86.    As detailed above, Defendants filed their Time-Barred Suits against Plaintiff and Plaintiff's Class that were designed to mislead and confuse the consumer.

87.    Empirical evidence gathered by the Federal Trade Commission indicates that the vast majority of suits on time-barred debt will lead to default judgments, even though the debts are unenforceable, "because 90% or more of consumers sued in these actions do not appear in court to defend." Fed. Trade Comm'n, *The Structure and Practices of the Debt Buying Industry* 45 (2013)."). Therefore, it is imperative that Defendants' practice be enjoined as the harm will be irreparable if default judgments are entered against the potential class members.

88.    There is an actual controversy within the jurisdiction of this Court regarding whether Defendants' Time-Barred Suits violate the FDCPA.

89.    Plaintiff believes and has discovered through a review of numerous state county court dockets that through the conduct described in this Complaint, Defendants have filed numerous Time-Barred Suits against other consumers as well. Plaintiff believes that Defendants will continue to file Time-Barred Suits using the same practice.

90.    The consequences of Defendants' actions are severe and critically time-sensitive. If Plaintiff or another similarly situated consumer does not file a response

25

in the Time-Barred Suit she will be subject to a default judgment giving the Defendants rights to collect using tactics such as garnishment and liens over a 20-year period.

91.   Plaintiff therefore seeks a declaratory judgment finding that Defendants' conduct violates the FDCPA.

92.   Further, Defendants should be enjoined from Time-Barred Suits as described herein, and should be required to disgorge all amounts collected from class members that made payments on the debt after any Time-Barred Suit was filed against them and all amounts consumers paid for legal defense due to any Time-Barred Suit.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests this Court enter a Declaratory Judgment in Plaintiffs favor:

a.   finding that Defendants improperly and deceptively pursued collection of debts;

b.   finding that Defendants violated the FDCPA, specifically finding Defendants' conduct violated §1692e and 1692f of the FDCPA;

c.   enjoining Defendants from seeking to collect debts substantially similar or the same as in the Time-Barred Suit described herein;

   d.  requiring Defendants to disgorge any amounts received from consumers after filing of any Time-Barred Suit;

   e.  requiring Defendants to disgorge any amounts consumers paid for legal defense of any Time-Barred Suit; and

   f.  awarding Plaintiff any and all damages as well as attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 26th day of February, 2025.

**STORY LAW GROUP**

/s/ Max Story
MAX STORY, ESQ.
Florida Bar: 0527238
JAMES F. TYER, ESQ.
Florida Bar: 1018238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax: (904) 758-5333
max@storylawgroup.com
james@storylawgroup.com
lynette@storylawgroup.com
Attorneys for Plaintiff