**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MIKKA GLENN,

Plaintiff,

v. Case No. 3:25-cv-198-TJC-LLL

ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, et al.,

Defendants.

---

**<u>O R D E R</u>**

When counsel for plaintiff filed two notices of errata to correct errors in a memorandum of law, the Court discovered that the memorandum contained at least two fake citations (one case was non-existent; another did not include the quotation attributed to it). Shortly thereafter, the case settled, but the Court scheduled a hearing to further investigate. The record of that hearing, which occurred on October 1, 2026, is incorporated by reference.

At the hearing, counsel explained how, in his haste to meet a filing deadline, he failed to properly review the document which included materials generated by research conducted using AI. He was candid about his carelessness and embarrassed to be before the Court. Since uncovering the error, and before the hearing, counsel had already undertaken the following steps in remediation: he told and apologized to his client; he told and

apologized to his opposing counsel, who advised that they had not been prejudiced by the occurrence; he gave the entirety of his fee (an amount approximating $10,000) to Jacksonville Area Legal Aid; he attended 7.5 hours of CLE courses on AI ethics; and he described a number of changes to his office procedures designed to avoid a situation like this from ever recurring. At the hearing, counsel apologized to the Court.

As the Court stated regarding this same topic in another case:

> It has always been true that lawyers are ethically bound in all court filings to provide true and accurate record and case citations. The use of AI as a legal research tool does not alter this basic requirement of candor to the tribunal.
>
> . . .
>
> To the extent there's a temptation, whether economic or otherwise, for lawyers to take the shortcut of relying on AI or the assistance of others without verification, the Court wants to be clear: It is not acceptable conduct; it will not be tolerated.

Hodges v. Meridian Waste Acquisitions, LLC, No. 3:25-cv-62-TJC-SJH (Doc. 53 at 2) (M.D. Fla. Jan. 16, 2026).

The Court is satisfied that counsel understands the gravity of his actions and will not repeat them. In the circumstances of this case, the measures counsel has already undertaken are a suitable remedy. The Court therefore determines that no further action will be necessary. This file remains closed.

**DONE AND ORDERED** in Jacksonville, Florida this 9th day of October, 2026.

Timothy J. Corrigan

TIMOTHY J. CORRIGAN
Senior United States District Judge

s. copies:
counsel of record